**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 26-cv-25677-EA**

**Walfrido Perez Claro**,

Petitioner,

v.

**U.S. Immigration and Customs Enforcement**,

Respondent.
_______________________________________/

**ORDER DISMISSING PETITION WITHOUT PREJUDICE, GRANTING LEAVE TO AMEND, AND REQURING THAT PETITIONER EITHER FILE A COMPLIANT IFP MOTION OR PAY THE CLERK'S FILING FEE**

**THIS CAUSE** comes before the Court on Petitioner Walfrido Perez Claro's *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1]. The Court has screened the Petition in accordance with Rule 4 of the Rules Governing § 2254 Cases[1] and finds that it should be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND**. Additionally, the docket reflects that Petitioner failed to either pay the Clerk's $5.00 filing fee or file a legally sufficient Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). Therefore, Petitioner is required to either pay the Clerk's $5.00 filing fee or filing of a compliant IFP Motion consistent with the requirements outlined herein.

**Legal Standards**

Title 28, Section 2241 authorizes a district court to grant a writ of habeas corpus whenever a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."

[1] The Court may, in its discretion, apply the Rules Governing § 2254 Cases to petitions under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

28 U.S.C. § 2241(c)(3). However, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts; *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face" (citation omitted)). Therefore, when a *pro se* prisoner files a petition that "might be able to make out a plausible claim," courts are instructed to afford such a prisoner the opportunity to amend the petition. *See Woldeab v. Dekalb Cnty. Bd. of Edu.*, 885 F.3d 1289, 1291–92 (11th Cir. 2018).

**Analysis**

*The Petition is Factually Deficient*

Under Rule 2(c) of the Rules Governing § 2254 Cases, a habeas petition must: "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rule 2(c)(1)–(5), Rules Governing § 2254 Cases in the United States District Courts. Specifically, under Rule 2(c)(2), Petitioner is required to satisfy a "heightened" fact pleading standard: "notice pleading" under Rule 8 of the Federal Rules of Civil Procedure is insufficient. *See* Rule 2(c)(2), Rules Governing § 2254 Proceedings for the United States District Courts (requiring that a movant "state the facts supporting each ground" in a motion); *see also McFarland*, 512 U.S. at 856.

The Petition is factually deficient. While Petitioner alleges that his immigration detention violates his rights under the Fifth Amendment's Due Process Clause, he fails to indicate how long

he has been subject to immigration detention, as is necessary to state a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Accordingly, dismissal of this action without prejudice is warranted.

That being said, Petitioner's initial failure to abide by the Rules Governing § 2254 cases does not, at this point, support dismissal of the entire action. Therefore, Petitioner shall be afforded one **FINAL** opportunity to file an Amended Petition, which must cure the deficiencies identified in this Order. The Amended Petition shall be the sole, operative pleading in this case, and it may not incorporate by reference any other filings. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219–20 (11th Cir. 2007) (citations omitted); *see also* S.D. Fla. L.R. 15.1. Therefore, the Amended Petition must "simpl[y], concise[ly], and direct[ly]" state: all allegations; all grounds for relief and "the facts supporting each ground;" and "the relief requested." Fed. R. Civ. P. 8(d)(1); Rule 2(c), Rules Governing § 2254 Cases in the United States District Courts. It must also be filed on the Court's form habeas petition, which is attached to the instant Order, or otherwise "substantially follow" that form. Rule 2(d), Rules Governing § 2254 Cases in the United States District Courts; S.D. Fla. L. R. 88.2(a). **Petitioner is cautioned that his failure to comply with this Order may result in dismissal of this case without prejudice and without further notice.**

*The Petitioner failed to either pay the Clerk's filing fee or file a compliant IFP Motion.*

Parties instituting an action pursuant to a Petition for Writ of Habeas Corpus must either pay $5.00 or seek pauper status by filing an IFP Motion. *See* Rule 3(a), Rules Governing § 2254 Cases in the United States District Courts. To proceed IFP, a party must submit "the form 'Application to Proceed Without Prepayment of Fees and Affidavit,' which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form." S.D. Fla. L.R. 88.2(b). The form must "set forth information which establishes that" the petitioner "is unable to pay the fees and costs of the proceedings" and be signed under penalty of perjury. *Id.* A party

must also obtain "a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a), Rules Governing § 2254 Cases in the United States District Courts. The certificate must include "the 6-month period immediately preceding the filing of the complaint[.]" *See* 28 U.S.C. § 1915(a)(2).

In this case, Petitioner failed to either (1) pay the Clerk's $5.00 filing fee or (2) file a compliant Motion for Leave to Proceed *in forma pauperis*. Petitioner will therefore be granted **one final opportunity** to file a compliant IFP Motion or pay the $5.00 filing fee.

**Conclusion**

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. On or before **November 4, 2026**, Petitioner **shall** file an Amended Petition which cures the deficiencies outlined in this Order. The Amended Petition must be titled "**Amended Petition**" and include "**Case No. 26-cv-25677-EA**" so that it will be filed in this case. This will be Petitioner's **final** opportunity to file an amended petition in this case.

3. On or before **November 4, 2026**, Petitioner **shall** either pay the Clerks' $5.00 filing fee or file a Motion for Leave to Proceed *in forma pauperis* on the authorized form provided with this Order, along with the affidavit required by 28 U.S.C. § 1915 **and** a six-month inmate account statement provided by the warden or other appropriate officer at Petitioner's place of confinement. *See* Rule 3(a), Rules Governing § 2254 Cases in the United States District Courts.

4. If the filing fee is paid, the check or money order must also bear **Case No. 26-cv-25677-EA**. This ensures that the filing fee is docketed in this case.

5. If Petitioner chooses to file a Motion for Leave to Proceed *in forma pauperis*, it must be labeled "**Motion for Leave to Proceed *in forma pauperis***" and must show "**Case Number: 26-cv-25677-EA**" so that it will be filed in this case.

6. Petitioner is again cautioned that his failure to either (a) file an Amended Petition or (b) pay the clerk's filing fee or file an IFP Motion by the Court's imposed deadline that complies with this Order, the Federal Rules of Civil Procedure, the Court's Local Rules, or the Rules Governing § 2254 Cases **may** result in dismissal of this case without

prejudice and without further notice.

7. **The Clerk SHALL MAIL a copy of this Order ALONG WITH the Court's form habeas petition and long form IFP Motion to Petition at the address below and thereafter confirm compliance on the docket**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 5th day of October 2026.

**ED ARTAU**
**UNITED STATES DISTRICT JUDGE**

Copies Served:

**Walfrido Perez Claro, *pro se***
A# 680137275
Miami Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101

**Noticing 2241/Bivens US Attorney**
Email: usafls-2255@usdoj.gov

**Noticing INS Attorney**
Email: usafls-immigration@usdoj.gov